IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| Harborview Marina, LLC<br>    Plaintiff<br><br>v.<br><br>M/V Kokomo (formerly Coast<br>Guard Cutter Mallow )<br>(USCG Official No. WLB396WAGL396)<br>her engines, freights, tackle and apparel,<br>    Defendant in rem. | *<br>   Civil Action No. L 02 CV 2799<br>*<br><br>*<br><br>   IN ADMIRALTY<br>*<br><br>*<br><br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPPOSING
MARC CLARK'S DEEMED MOTION
OPPOSING CONFIRMATION OF
THE SALE OF THE M/V KOKOMO**

The Court should **immediately** deny intervenor Marc Clark's February 5th letter - which this Court's February 11, 2003 Order has deemed to be a motion opposing confirmation of the January 29, 2003 Marshal's Sale.[1]

**Mr. Clark has been consistently advised by counsel and is familiar with Local Admiralty Rules. There is no reason to permit him to ignore the Rules, because he was - when he wrote the Court - pro se (and, Mr. Clark is now represented by counsel)**: At the outset, this Court should appreciate that Mr. Clark has (until Mr. McMullen formally entered his appearance, recently) been well advised for months, "behind the scenes" by counsel. Mr. Clark's intervening complaint - and motion - exhibits a keen and direct understanding of the

---

[1] Mr. Clark has never served Harborview counsel with his February 5, 2003 letter, which this Court has deemed a "motion." Harborview counsel only received it yesterday, from Mr. Clark's counsel - February 13th - two days after this Court's Order and eight (8) days after the letter's date.

Court's Local Admiralty Rules ("LAR's").  Mr. Clark was present at the January 29, 2003 Marshal's sale and has been directly aware of these proceedings.

Consequently this is not a situation, in which this Court appropriately might allow excesses because a party appears pro se - including, the clear violations here, of this Court's explicit, mandatory, rules.

**The "motion" was untimely**.  Local Admiralty Rule ("LAR") (e)(12)(e) ("Sale of Property" - "Time and Procedure for Objection to Sale") states first, and **unequivocally** that "[a]n interested person may object to the sale by filing a written objection with the Clerk **within three days following the sale**, . . . ."

 Three days following the sale (not including the intervening weekend, pursuant to Fed. R. Civ. P. 5) was February 3, 2003.

Mr. Clark's February 5, 2003 letter (motion) was untimely.

**The "motion" was not served on Harborview or on the Marshal**:  LAR (e)(12)(e) states second, and also **unequivocally** , that any objection to confirmation of sale must be "serv[ed] . . . on all parties of record, the successful bidder, and the Marshal . . . ."

The "motion" was never served as LAR(e)(12)(e) requires.  Harborview counsel never received a copy of the "motion" until after the Court granted it - and only then, from Mr. Clark's counsel.

**Mr. Clark Never Made the Deposit that LAR (e)(12)(e) unequivocally requires**: LAR(e)(12)(e) finally states that anyone objecting to confirmation of sale must:

> deposit[ ] such sum with the Marshal as determined by him to be sufficient to pay the expense of keeping the property **for at least seven days**.  Payment to the Marshal shall be in cash, certified check, or cashier's check drawn on banks insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation.

Mr. Clark never made any deposit.

The cost of keeping the Vessel is $143/day.[2]  Mr. Clark's "motion" has delayed confirmation - or, any re-sale of the Vessel, since its filing on February 5, 2003.

The Court, as the Local Rules explicitly require, should require Mr. Clark to post the required deposit with the Marshal - if, the Court, somehow, does not require Mr. Clark to follow the Local Rules otherwise, concerning objections to sale.

### Conclusion: This Court Should Confirm the Sale

Mr. Clark, however, offers nothing but his own speculation about the Vessel's supposed value.  The fact is, that the Vessel has been at Harborview Marina since the first part of 2002.

**No one has made any bona-fide offer for the Vessel, at anything near the magnitude that Mr. Clark suggests, the Vessel is worth**.

In fact, there is no support for anything other than, that the market for this vessel was materially different, than what Harborview Marina, as this Court's Order expressly permitted, paid for the Vessel, by bidding in its claims.

Mr. Clark, for example, could have (but has not) obtained a marine surveyor's valuation survey, or, the affidavit of a ship broker, to attempt to support Mr. Clark's contentions about the value of the Vessel.  But, he has not done that.

/

/

---

[2]    See this Court's January 6, 2003 Default Judgment Against the M/V KOKOMO, In Rem.  Harborview Marina is the substitute custodian for the Vessel, appointed by this Court.  Mr. Clark's delay of confirmation of sale, has added at least 33 days (from February 5, 2003 to the present) of custodial expense, a total of $4,719 (at $143/day) to Harborview's total claims.

This Court accordingly should deny Mr. Clark's "motion," and confirm the Marshal's Sale.

Dated: March 10, 2003.

                                        Respectfully Submitted,

                                        /s/ J. Stephen Simms
                                        J. Stephen Simms (#4269)
                                        W. Charles Bailey, Jr  (#23580)
                                        Simms Showers LLP
                                        Suite 702
                                        Twenty South Charles Street
                                        Baltimore, Maryland 21201
                                        Telephone (410) 783-5795
                                        Facsimile (410) 510-1789

                                        Harborview Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on February March 10, 2003  I caused a true and correct copy of the foregoing and draft order to be served by CM/ECF if opposing counsel has enrolled, or if not, by facsimile, as follows:

Alexander R,. McMullen, Esq.
McMullen & Drury, P.A.
300 Allegheny Avenue
Towson, Maryland 21204
By facsimile to 410-296-2460

                                        /s/ J. Stephen Simms